IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 06-cv-02039-LTB-BNB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT E. SMITH,

    Defendant and Third Party Plaintiff,

v.

JACQUELINE (SMITH) BROWN,

    Third Party Defendant.
_____

ORDER
_____

    This matter is before me on the Motion to Dismiss Third Party Complaint Against Jacqueline (Smith) Brown filed on December 19, 2006. [**Doc #10**] Oral argument would not materially assist me in my determination. After consideration of this motion, as well as all related pleadings, I GRANT the motion IN PART and DISMISS the third party complaint without prejudice.

**I. Background**

    In October 2006, the United States of America filed a Complaint to Reduce Federal Tax Assessments to Judgment against Scott E. Smith. In response, Mr. Smith, acting *pro se,* filed a Third Party Complaint against Ms. Brown in which he alleges that if he is found liable on any

judgment entered against him, he is entitled to a judgment against Ms. Brown, his former wife, in an amount equal to 50% of such judgment for tax liability. Mr. Smith alleges that provisions allocating the marital debt in the parties' decree dissolving their marriage support his request to implead Ms. Brown in this case. Mr. Smith has also apparently filed a motion with the state court seeking judgment against Ms. Brown for 50% of the tax lien at issue in this case.

Ms. Brown subsequently filed this motion seeking to dismiss Mr. Smith's third party complaint against her on various grounds. Ms. Brown also seeks sanctions and/or attorney fees against Mr. Smith under Fed. R. Civ. P. 11. I note that the United States has filed a response indicating that it does not oppose Ms. Brown's motion to dismiss the third party complaint.

## II. Analysis

Ms. Brown seeks dismissal of the third party complaint filed against her on several grounds. First, she seeks dismissal for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine, which holds that federal review of state court judgments (with the exception of *habeas corpus*) can be obtained only in the United States Supreme Court. *See* 28 U.S.C. § 1257; *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Alternatively, Ms. Brown seeks dismissal pursuant to the *Younger* abstention doctrine, which is a judicially created bar to federal court interference with ongoing state court proceedings. *See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Finally, Ms. Brown asks that I exercise my discretion under Fed. R. Civ. P. 14(a) to deny Mr. Smith's request to implead her as a third party defendant on the basis that it would introduce an unrelated controversy and would unduly complicate these proceedings. Because I conclude that the *Younger* absention doctrine

precludes me from interfering with the ongoing state court proceedings, in which Mr. Smith seeks the same relief requested in the third party complaint, I grant Ms. Brown's motion to dismiss.

### *Rooker-Feldman* **Doctrine**

As an initial matter, I note that it appears that the *Rooker-Feldman* doctrine does not deprive me of subject matter jurisdiction over the third party complaint in this matter. The parameters of the doctrine – which precludes federal district courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment – have been significantly narrowed by recent Supreme Court decisions. *See Mo's Express, LLC v. Sopkin,* 441 F.3d 1229, 1233 (10th Cir. 2006). As is relevant here, in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 l.Ed. 2d 454 (2005), the Supreme Court held that an action which did not attempt to overturn any judgment entered by state court, filed while the state court action was pending, did not invoke the *Rooker-Feldman* doctrine. *See also Mo's Express v. Sopkin, supra*, 441 F.3d at 1237 (when the relief sought by the plaintiffs would not reverse or "undo" the state-court judgment, *Rooker-Feldman* does not apply).

Here, the state court action is still pending as Mr. Smith has filed a motion in the state court dissolution proceedings seeking to obtain a judgment against Ms. Brown for one half of all the amounts seized by the government in payment against the IRS lien. Furthermore, Mr. Smith does not seek to un-do or reverse the judgment of the state court, but rather requests relief that he believes is consistent with the state court's rulings regarding the parties' martial debts. As a result, I believe that the *Rooker-Feldman* doctrine is not applicable to bar subject matter jurisdiction in this matter. *See e.g. Chapman v. Oklahoma,* ___ F.3d. ___, 2006 WL 3720258

(10th Cir. 2006).

### *Younger* Abstention Doctrine

Nonetheless, I conclude that I am obligated to dismiss the third party complaint under the *Younger* abstention doctrine. The three factors relevant to my decision as to whether abstention is required under this doctrine are whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Chapman v. Oklahoma, supra* (*quoting Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id.*

In this case all three factors are met. First, as discussed above, the state civil proceedings related to the parties' dissolution are ongoing. Furthermore, the state court is not only an adequate forum to hear Mr. Smith's claims related to the extent of the martial debts charged to Ms. Brown, it is the more appropriate forum to interpret and apply the provisions of the relevant dissolution decree. Likewise, the Supreme Court has long held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Chapman v. Oklahoma, supra* (*quoting Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992)). Therefore, I must abstain under *Younger* from hearing Mr. Smith claims against Ms. Brown and, as a result, I dismiss the third party complaint. However, I note that while Ms. Brown seeks dismissal with

prejudice, I am constrained to dismiss Mr. Smith's third party complaint without prejudice. *See Chapman v. Oklahoma, supra* (affirming dismissal under the *Younger* abstention doctrine, but remanding for the district court to reflect that such dismissal is without prejudice).

Accordingly, IT IS THEREFORE ORDERED as follows:

1) The Motion to Dismiss Third Party Complaint Against Jacqueline (Smith) Brown [**Doc #10**] is GRANTED IN PART, consistent with my ruling here;

2) Scott E. Smith's Third Party Complaint filed against Jacqueline (Smith) Brown is DISMISSED WITHOUT PREJUDICE; and

3) Jacqueline (Smith) Brown shall have ten (10) days from the date of this order to file a motion seeking sanctions against Scott E. Smith pursuant to Fed. R. Civ. P. 11.

Dated:  January  22 , 2007 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE