IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02039-LTB-BNB

UNITED STATE OF AMERICA,

Plaintiff,

v.

SCOTT E. SMITH,

Defendant.
_____

**ORDER**
_____

This matter is before me on the **Declaration of Kari D. Larson** [Doc. # 40, filed 6/18/2007] (the "Fee Application"). The Fee Application is GRANTED, and the United States is granted costs and attorney's fees against the defendant in the total amount of $3,564.73.

By an Order [Doc. # 38] entered June 1, 2007, I granted the United States' motion to compel discovery and required the defendant to provide full and complete discovery responses. *Order* at ¶2. I also awarded the United States its costs and reasonable attorney's fees incurred in bringing the motion to compel discovery. Id. at ¶3. I specified a mechanism for the parties to confer and attempt to reach agreement on the amount of the costs and fees, id., which the Untied States followed. *Fee Application* at ¶10. The parties, however, "were unable to come to a resolution regarding the costs and fees expended," id. at ¶11, necessitating the filing of the Fee Application for my determination. I allowed the defendant an opportunity to respond to the Fee Application, *Minute Order* [Doc. # 41, filed 6/19/2007], but no response has been received.

Rule 37(a)(4), Fed. R. Civ. P., provides for the award of attorney's fees as follows:

> If the motion is granted . . . the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

I already have made the determination that an award of fees and costs is proper in this case, *Order* at ¶3; the only remaining issue is the amount of the award. The factors to be considered in making an award of fees under Rule 37(a)(4) include the number of hours reasonably expended in connection with the discovery motion; the propriety of the hourly rate requested by counsel in view of the lawyer's skill and experience and the level of sophistication required for the matter at issue; and the level of success obtained through counsel's efforts. See Green v. Baca, 225 F.R.D. 612, 614 (C.D. Cal. 2005). In setting the fee award, I should be guided ultimately by the reasonableness of the fee in light of the totality of the circumstances. Id. at 615.

### 1. Hours Claimed

I turn first to the reasonableness of the number of hours claimed. The Fee Application is submitted pursuant to 28 U.S.C. § 1746 under the penalty of perjury and establishes that Kari Larson, the attorney for the United States who prepared the motion to compel for which fees

were awarded, spent 5.5 hours[1] preparing the motion to compel; 15 hours traveling to and from Colorado to attend the hearing on the motion to compel; .5 hour at the motion to compel; and 1.5 hours preparing the Fee Application. *Fee Application* at ¶5(a). The total amount of time claimed in the Fee Application is 22.5 hours. Id. at ¶9.

The Fee Application is not supported by contemporaneous time records. I am aware that in a different context, where a party seeks the award of fees as a prevailing party under 42 U.S.C. § 1988, the Tenth Circuit Court of Appeals has required the following:

> In the future, district judges in this Circuit will inform lawyers that if they intend to seek attorney's fees under § 1988 they must keep meticulous, contemporaneous time records to present to the court upon request. These records must reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks--for example, how many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on.

Ramos v. Lamm, 713 F.2d 546, 553 (10th Cir. 1983), overruled on other grounds, Pennsylvania v. Delaware Valley Citizen's Counsel for Clean Air, 483 U.S. 711 (1987). The circumstances are different here. In this case, the defendant is the United States, represented by a Department of Justice lawyer who does not normally bill her time by the hour. It is understandable that she would not maintain contemporaneous time records. Nor is this a situation where the party necessarily intended to bring a fee application, as in Ramos where fees were sought pursuant to § 1988. There is no reason to believe here that the United States intends to seek its fees generally,

---

[1] There is a mathematical error in this calculation. Ms. Larson claims to have worked on the motion to compel on four separate occasions for the following periods of time: .5 hour; 3.5 hours; 1 hour; and 1.5 hours. That totals 6.5 hours, but the Fee Application only claims 5.5 hours. *Fee Application* at ¶5 (a).

3

and no prayer for fees is contained in the complaint. Consequently, I find that in this case the absence of contemporaneous time records does not preclude the award of reasonable attorney's fees, and I will accept Ms. Larson's reconstructed records for review. In doing so, I am aware that where fees are claimed based on reconstructed records, I must give those reconstructions or estimates of time special scrutiny and make reductions when appropriate. Ramos, 713 F.2d at 553 n.2.

In this regard I note that despite having been provided with an opportunity to do so, the defendant has not challenged the Fee Application or any of the specific items claimed in the Fee Application. See State of Ohio v. Arthur Anderson & Co., 570 F.2d 1370, 1375 (10th Cir. 1978)(affirming the award of fees based on a statement of expenses submitted to the district court, "the details of which are not attacked" by the defendant").

I find that 5.5 hours to prepare the motion to compel, .5 hour to attend the hearing on the motion to compel, and 1.5 hours to prepare the Fee Application, see *Fee Application* at ¶5(a) and (e), are reasonable and necessary. Fifteen hours to travel to and from Colorado to attend the hearing on the motion to compel, see *Fee Application* at ¶5(b), are excessive. I will allow instead 10 hours of travel time.[2]

I find that a total of 15.5 hours were reasonably and necessarily expended by Ms. Larson to prepare and present the motion to compel and the Fee Application, and I will award fees for that period of time.

---

[2] In making this reduction, I note that Ms. Larson was able to make the return trip to Washington on June 1, 2007, in 5.5 hours, which is more in line with my expectation of what is reasonable. There is no explanation why the trip to Denver on May 31, 2007, required 9.5 hours. See *Fee Application* at ¶5(b).

## 2. Reasonable Hourly Rate

Secondly, I must consider a reasonable hourly rate to be awarded. The hourly rate should be "the prevailing market rate in the relevant community." Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002). The United States requests "a rate equal to the rate referenced in the Equal Access to Justice Act (28 U.S.C. § 2412(d)(2)(A))," which is $165.93.

To establish that the hourly rate claimed is the prevailing market rate in the community, the party seeking its attorney's fees must:

> [P]roduce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable and is referred to -- for convenience--as the prevailing market rate.

Guides, Ltd., 295 F.3d at 1078 (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

The United States has not presented any evidence to establish that the Equal Access to Justice Act rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." However, where "a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate." Guides, Ltd., 295 F.3d at 1079. See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates for lawyers with comparable skill and experience practicing" in the relevant market). I am familiar with the rates charged by lawyers in the metropolitan Denver area. I practiced law in the

community for nearly 20 years, from 1981 through 2000. In addition, I review fee applications as a part of my current responsibilities as a United States magistrate judge for the District of Colorado sitting in Denver.

The Fee Application establishes that Ms. Larson earned her law degree in 2002. She has experience with the Navy Judge Advocate General Corps; working in private practice; and as a lawyer with the Department of Justice. *Fee Application* at ¶8.

I find that an hourly rate of $165.93 for a lawyer of five years experience is within the prevailing market rate for the Denver area. Consequently, applying an hourly rate of $165.93 to the approved 15.5 hours results in an award of attorney's fees of $2,571.91.

### 3. Costs

The United States also seeks costs of $1,066.32. *Fee Application* at ¶9. The costs include:

| | |
|---|---:|
| Airfare: | $752.80 |
| Lodging: | 145.86 |
| M&IE: | 73.50 |
| Mileage: | 19.40 |
| Car rental, gas, and parking: | 74.76 |
| TOTAL | $1,066.32 |

The acronym "M&IE" is not defined in the materials provided and is unknown to me. Consequently, I will not award that cost. The remaining costs all appear reasonable, and the defendant has not challenged any of them.

I find and award $992.82 as reasonable costs necessarily incurred by the United States in connection with the motion to compel.

### 4. Reasonableness Under the Circumstances

In considering the reasonableness of the award, I note that the defendant is proceeding *pro se*. The motion to compel was necessitated by the defendant's refusal to provide any response whatsoever to the United States' discovery requests. Although the defendant assured the United States of his intention to "respond as soon as possible," *United States Motion to Compel Discovery and Impose Sanctions* [Doc. # 30, filed 4/17/2007] at p.2, he did not do so. In fact, I am informed that the defendant has ignored my order compelling discovery and still has failed to provide discovery responses. *Fee Application* at ¶12.

The defendant did not respond to the discovery requests when required. He did not respond to the motion to compel discovery. He did not attend the hearing on the motion to compel discovery. He did not respond to the Fee Application. In general, the defendant has failed completely to cooperate in the discovery process. The defendant's conduct is abusive. Consequently, the award of costs and reasonable attorney's fees in the amount of $3,564.73 is fair under the circumstances of this case.

IT IS ORDERED that the United States is awarded its costs and reasonable attorney's fees incurred in bringing the motion to compel discovery in the total amount of $3,564.73.

Dated July 12, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge