**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Action No. 06-cv-02039-LTB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SCOTT E. SMITH,

      Defendant.

_____

**ORDER**
_____

      This tax collection case is before me on Plaintiff, the United States', Motion for Summary

Judgment [**Docket # 46**], Defendant's Answer [**Docket # 50**], Plaintiff's Reply [**Docket # 51**],

Defendant's verified amendment to his answer [**Docket # 52**], Plaintiff's motion to strike the

amended answer [**Docket # 53**], and Defendant's answer to the motion to strike [**Docket # 56**].

Oral argument would not materially assist the determination of these motions.  After

consideration of the motions, the papers, and the case file, and for the reasons stated below, I

DENY Plaintiff's motion to strike the amended answer [**Docket # 53**] and GRANT Plaintiff's

Motion for Summary Judgment [**Docket # 46**].

## I.  BACKGROUND

      The facts at issue are few.  The government filed this action against Defendant seeking to

reduce to judgment various federal tax, penalty, and interest assessments for the 1991, 1992, and

1993 tax years.  Defendant does not dispute that he failed to file his tax returns for these years.

The I.R.S.—acting pursuant to its statutory authority—caused returns to be filed on Defendant's behalf. Defendant failed to pay the amount of taxes due under these returns. Defendant was notified of his delinquencies but still did not pay the amounts due. On October 28, 1996, the I.R.S. "assessed" Defendant's taxes for the three years.

The I.R.S. prepared and filed the substitute returns for Defendant for each of the tax years at issue based on information provided by third parties, including Forms 1099. Based upon these substitute forms, the I.R.S. calculates Defendant owes $89,949.85 in taxes, interest, and penalties as of September 17, 2007.

The government filed this action on October 13, 2006. The government filed a motion for summary judgment on September 17, 2007. Defendant filed his response on October 5, 2007. The government filed its reply on October 10, 2007. Defendant filed a "Verified Amendment to the Answer to Plaintiff's Motion for Summary Judgment" on October 29, 2007. The government moved to strike the amendment on October 31, 2007. Defendant responded to the latter motion on November 9, 2007.

## II. STANDARDS OF REVIEW

### A. Motion to Strike

Motions to strike are generally disfavored and the decision to grant a motion to strike rests within the sound discretion of the district court. *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998). Nonetheless, I may strike any "redundant, immaterial, impertinent, or scandalous matter" if doing so will save "the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993). Generally, I will grant a

motion to strike only when the subject matter has no bearing on the controversy and when the movant can show he has been prejudiced. *See Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997). Accordingly, redundant allegations need not be stricken if their presence in the pleading cannot prejudice the adverse party. *Sender v. Mann*, 423 F. Supp. 2d 1155, 1164 (D. Colo. 2006).

## B. Summary Judgment

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is not proper if—viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor—a reasonable jury could return a verdict for that party. *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

The non-moving party has the burden of showing there are specific issues of material fact to be determined. *Celotex*, *supra*, 477 U.S. at 322. A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). It is not enough that the evidence be merely colorable. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate, therefore, only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); FED. R. CIV. P. 56(c).

3

When considering a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden." *Liberty Lobby*, *supra*, 477 U.S. at 254. The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Id*. In a civil tax collection case, the non-moving party must show material facts in dispute by a preponderance of the evidence in order to defeat a motion for summary judgment. *See Mattingly v. United States*, 924 F.2d 785, 787 (8th Cir. 1991). Defendant meets this burden if he sets forth evidence that—if believed by the ultimate factfinder—makes it more likely than not he does not owe the taxes assessed.

## III. ANALYSIS

### A. Motion to Strike Amended Answer

The government requests I strike Defendant's amended answer as redundant under Fed. R. Civ. P. 12(f), or, in the alternative, that I strike Defendant's amended answer as an impermissible sur-reply. Defendant argues his amended answer was intended "to correct a possible defect in [his] earlier answer in that it was offered unverified." While the government argues it has been prejudiced in that it was forced to reply to the amended answer, I do not find such prejudice sufficient to overcome the general disfavor toward motions to strike.

### B. Motion for Summary Judgment

In a suit brought by the government to collect taxes resulting from unreported income, the government generally establishes a *prima facie* case when it shows a timely assessment of the tax due supported by a minimal evidentiary foundation. *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991). A presumption of correctness arises as to the assessment once substantive

evidence is submitted demonstrating that the taxpayer received unreported income. *Id.* This presumption permits judgment in the government's favor unless Defendant produces substantial evidence overcoming it. *Id.*

Certificates of Assessments and Payments ("Form 4340") are routinely used to prove that a tax assessment has in fact been made. *Taylor v. I.R.S.*, 69 F.3d 411, 419 (10th Cir. 1995); *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992). In the absence of evidence indicating to the contrary, I may rely on these forms to conclude that a valid assessment was made. *Guthrie*, 970 F.2d at 737–38.

The government provided Forms 4340 for the years 1991, 1992, and 1993. Defendant does not deny that he earned income in the subject years and that he failed to report such income to the I.R.S. Accordingly, the government is entitled to a presumption of correctness that Defendant owes the taxes due. *See McMullin*, *supra*, 948 F.2d at 1192. Defendant provides no evidence to counter this presumption other than the undocumented assertions in his pleadings that he was entitled to deductions in the subject years that are not reflected in the calculation of tax due. These bare allegations are insufficient to overcome a motion for summary judgment. *See Sullivan v. Scoular Grain Co. of Utah*, 930 F.2d 798, 800 (10th Cir. 1991) ("A nonmoving party cannot survive a motion for summary judgment based on bare allegations in the pleadings without supporting evidence.").

Defendant argues that this action—being filed on October 13, 2006—is barred by the statute of limitations found in 26 U.S.C. § 6502. Section 6502 states that a proceeding to collect a tax assessment must be initiated "within 10 years after the assessment of the tax." An assessment must be made within three years of the filing of a deficient return. 26 U.S.C. §

6501(a).  When—as here—the defendant fails to file a return, however, the statute of limitations does not begin to run merely because the I.R.S. files a return in the defendant's stead.  26 U.S.C. § 6501(b)(3).

Defendant claims the "assessment" occurred in 1994 when he was first notified of his tax delinquencies.  Defendant misunderstands the law in this regard.  An "assessment" is essentially a bookkeeping notation made when the I.R.S. establishes an account against the taxpayer.  *See Laing v. United States*, 423 U.S. 161, 171 n.13 (1976).  A delinquency notice is not an assessment; in fact, the I.R.S. frequently provides a delinquent taxpayer with a deficiency notice well before an assessment occurs.  *See, e.g., In re Miniuk*, 297 B.R. 532 (Bankr. N.D. Ill. 2003) (discussing the procedural steps between a delinquency notice and an assessment).

The assessment at issue here occurred on October 28, 1996.  The statute of limitations for filing an action to collect on the assessment expired on October 28, 2006.  As this case was filed before that date, Defendant's statute of limitations defense must fail.

## IV.  CONCLUSION

Accordingly, I DENY Plaintiff's motion to strike the amended answer [**Docket # 53**] and GRANT Plaintiff's Motion for Summary Judgment [**Docket # 46**].


Dated: December __6__, 2007.

BY THE COURT:


____s/Lewis T. Babcock_____
Lewis T. Babcock, Judge
